JAMES LOMERSON, appellant,

v.

MARGARET JOHNSTON, respondent.

1. A wife, understanding from statements made to her by her husband's creditor that her husband was in danger of immediate arrest, executed a mortgage to the creditor securing the husband's debt in order to avert the arrest. The creditor had not stated that the husband's arrest was imminent, but from the wife's conduct it was evident to him that she so understood him.—*Held*, that the case was one of false representation.

. ˙ 2. In order to establish a case of false representation it is not necessary that things which are false shall have been stated as if they were true. If the presentation of that which is true creates an obvious impression which is false, as to one who seeks to profit by the misapprehension he has thus produced, it is a case of false representation.

On appeal from a decree advised by Vice-Chancellor Bird, which was as follows:

This cause coming on to be heard before the court, in the presence of Daniel Vliet, solicitor, and J. G. Shipman & Son, of counsel with the complainant, and of William H. Morrow, of counsel with defendant, Margaret Johnston, and the bill of complaint, answer and replication having been read, and the court having heard the evidence of the witnesses on the part of the complainant and of said defendant, and heard the argument of the respective counsel, and having considered the same, and it appearing to the court that the said defendant, Margaret Johnston, was, at the time of the execution of the mortgage, dated July the 7th, A. D. 1883, to the complainant, and particularly described in the complainant's bill of complaint, a married woman, and that the said mortgage was given to secure an indebtedness of Levi S. Johnston, her husband, to the said complainant, for moneys which he held in trust and for the payment of which he, the said complainant, was one of the sureties of the said Levi S. Johnston, and which moneys he, the said Levi S. Johnston, had

Lomerson v. Johnston.

·wasted; and it further appearing that the said complainant, by saying to said defendant, Margaret Johnston, that, in the use of said trust funds, her husband had been guilty of embezzlement and could be put in jail, therefore he had exercised an undue pressure on her, and had thereby destroyed her free agency, so ·that, in the execution and acknowledgment of the said mortgage, she did not act according to her own free will.

And it also appearing that the lands upon which it is by the said complainant claimed that the said mortgage is a lien, was, and is, the property of the said defendant, Margaret Johnston, and that the said complainant is not entitled to the relief by him sought in and by his said bill of complaint:

It is thereupon, on this 2d day of October, A. D. 1888, ordered, adjudged and decreed, by the chancellor of the State of New Jersey, that the said mortgage so mentioned and described in the said bill of complaint was procured to be executed and acknowledged by the said Margaret Johnston by such undue pressure, ·exercised upon her by the said complainant aforesaid, as to ·destroy her free agency of the same in the execution and acknowledging the same, and the said mortgage is null and void, and that the said complainant is not entitled to the relief by him ·sought in and by his said bill of complaint; and that the said ·bill of complaint be and the same is hereby dismissed, with costs.

*Mr. J. G. Shipman,* for the appellant.

*Mr. W. H. Morrow* and *Mr. George M. Robeson,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

We agree with the learned vice-chancellor who heard this cause in all his conclusions upon the testimony. The case shows, in the clearest manner, that Lomerson, the appellant, being involved with Mr. Johnston as surety and endorser, visited Mrs. Johnston for the purpose of securing himself against loss through the hus-

band by obtaining from the wife a mortgage upon the house left
to her by her father. The case further shows, and the vice-chan-
cellor so finds, that, in attaining this object, Lomerson made to
Mrs. Johnston a number of statements, all tending to excite in
her mind the liveliest apprehensions that her husband was about
to be lodged in jail for debt. The court of chancery by its decree
set aside the mortgage thus obtained, considering that it was exe-
cuted under a species of duress. With the result reached we
agree, resting our decision, however, upon the ground that it is
inequitable to permit the complainant to retain a security for the
husband's debt obtained by allowing a false apprehension as to
the husband's danger to affect the mind of the wife. That this
apprehension was the sole consideration for the wife's compliance,
is not more clear than that the efficient element of that apprehen-
sion, namely, the belief in the imminence of the anticipated
arrest, was not only false, but was so to the knowledge of Lom-
erson.

In order to establish a case of false representation it is not
necessary that something which is false should have been stated
as if it were true. If the presentation of that which is true cre-
ates an impression which is false, it is, as to him who, seeing the
misapprehension, seeks to profit by it, a case of false representa-
tion. In the present instance, Mrs. Johnston naturally gathered
from the statements made to her by Lomerson that her husband
had committed crimes for which he not only could and would be
imprisoned, but that his arrest was at hand. The imminence of
the danger was the sole motive for the execution of the mortgage.
In any other view of the transaction her haste is incomprehensi-
ble. Notwithstanding the importance of the demand made upon
her, she took no time to reflect, held no consultation with her
friends, sought no advice. Her one object was to act quickly—
to be beforehand. And yet this notion of the imminence of her
husband's arrest was just the one part of the impression produced
upon her mind by Lomerson's statements, which was false, and
which he knew to be false. From this time on the case becomes
one of false representation, not because falsehoods were stated as
if they were facts, but because the state of mind produced falsely

represented the facts.   To take advantage of such a state of mind is to profit by a false representation.

The decree below is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER—12.

*For reversal*—None.